# In the United States District Court
# For the Eastern District of Wisconsin
# Milwaukee Division

| | |
|---|---|
| WISCONSIN CARRY, INC. )<br>And )<br>NAZIR AL-MUJAAHID )<br>)<br>    Plaintiffs )<br>)<br>v. )<br>)<br>CITY OF MILWAUKEE, )<br>JOSEPH MENDOLLA, )<br>JOHN CHISHOLM, in his official )<br>Capacity as District Attorney of )<br>Milwaukee County, Wisconsin, )<br>PATTI KLEIN, in her official )<br>Capacity as Clerk of Courts for )<br>The criminal division of the Circuit )<br>Court of Milwaukee County, )<br>Wisconsin, )<br>And )<br>MARK WALTON, )<br>    Defendants ) | Civil Action File No.<br><br>_____ |

## Complaint

1. This is a civil rights action under 42 U.S.C. 1983.

## II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §1343.

3. Venue is proper because Defendants are located in this District and in this Division, and Plaintiffs reside in this District and in this Division.

## III. PARTIES

4. Plaintiff Wisconsin Carry, Inc. is a corporation organized under the laws of the State of Wisconsin whose mission is to foster the rights of its members to keep and bear arms for self defense and other purposes.

5. Plaintiff Al-Mujaahid is a natural person who is a citizen of the United States and a resident of the State of Wisconsin.

6. Al-Mujaahid is a member of Wisconsin Carry, Inc.

7. Defendant City of Milwaukee is a municipal corporation organized under the laws of the State of Wisconsin.

8. Defendants Mendolla and Walton (the "Officers") are police officers with the City of Milwaukee Police Department.

9. Defendant Chisholm is the district attorney of Milwaukee County, Wisconsin.

10. Defendant Klein is the Clerk of Courts for the Criminal Division of the Circuit Court of Milwaukee County, Wisconsin.

## IV. FACTUAL BACKGROUND

11. On or about January 30, 2012, Al-Mujaahid foiled an attempted armed robbery of an Aldi's supermarket in the City of Milwaukee.

12. He did so by drawing a legally carried handgun and firing at one of the robbers, wounding the robber.

13. During the ensuing police investigation, the Officers seized Al-Mujaahid's handgun, magazine, ammunition, and holster and placed them in the custody of Defendant City of Milwaukee.

14. On or about February 3, 2012, the Defendant Chisholm praised Al-Mujaahid's actions and announced that Al-Mujaahid will not face charges for his actions.

15. Since the announcement, Al-Mujaahid has repeatedly asked the Milwaukee Police Department and Chisholm to return his property to him.

16. Both the Milwaukee Police Department and Chisholm have the power to return Al-Mujaahid's property to him.

17. Defendants have told Al-Mujaahid that Al-Mujaahid cannot have his property because it is needed as evidence in the trial of the would-be robbers.

18. Chisholm has a contract or other arrangement with the City of Milwaukee to represent the City of Milwaukee in return of property cases involving firearms.

19. Chisholm suggested to Al-Mujaahid that Al-Mujaahid file a petition for return of property pursuant to Wis.Stats. § 968.20.

20. On or about March 27, 2012, Al-Mujaahid filed a petition for return of his property with Defendant Klein.

21. On or about March 27, 2012, Defendant Klein returned Al-Mujaahid's petition with a cover letter indicating that she was not accepting Al-Mujaahid's petition for filing because Al-Mujaahid's property "is part of two ongoing cases…. Our office's procedure is that we can not process your petition until those cases are concluded."

22. When they seized Al-Mujaahid's property, Defendants set in motion a series of events that they knew or should have known would result in Al-Mujaahid's inability to recover, or extreme difficulty in recovering, his property.

23. Defendants have a custom, policy, or practice of requiring lawful firearms owners, but not other property owners, to engage in formal litigation to recover their seized property.

24. Plaintiff Wisconsin Carry, Inc. has other members who have had firearms seized by the Milwaukee Police Department and who have been unable to recover their firearms even with the return of property process and even though their firearms are not evidence of a crime and have not been used to commit a crime.

## Count 1 – 14th Amendment Violations

25. By seizing Al-Mujaahid's property, refusing to return it to him, and refusing to allow him to file a petition for return of his property, Defendants have deprived Al-Mujaahid of his property without due process of law.

26. By setting in motion a series of events that Defendants knew or should have known would result in inability or extreme difficulty in recovering Al-Mujaahid's property, Defendants deprived Al-Mujaahid of his property without due process of law.

27. By maintaining a custom, policy or practice of requiring lawful firearms owners, but not other property owners, to engage in formal litigation to recover their seized property, Defendants have denied Al-Mujaahid and other Wisconsin Carry members of the equal protection of the laws.

28. By refusing to return Al-Mujaahid's handgun to him, Defendants have infringed on Al-Mujaahid's and other Wisconsin Carry members' right to keep and bear arms and to keep a functioning handgun in the home in case of confrontation.

## Prayer for Relief

Plaintiff demands the following relief:

29. A preliminary and permanent injunction requiring the City of Milwaukee to return Al-Mujaahid's property, or in the alternative, to provide Al-Mujaahid

with due process, including but not limited to an opportunity to challenge any claims that Al-Mujaahid's property is needed as evidence.

30. A declaration that Defendants' custom, policy, or practice of requiring firearms owners to engage in formal litigation in order to recover their seized property, is unlawful.

31. Reasonable costs and attorney's fees.

32. A jury to try this case.

33. Any other relief the Court deems proper.

/s/ John R. Monroe
John R. Monroe
Attorney for Plaintiffs
9640 Coleman Road
Roswell, GA  30075
678 362 7650
John.monroe1@earthlink.net