# In the United States District Court
# For the Eastern District of Wisconsin
# Milwaukee Division

| | | |
|---|---|---|
| WISCONSIN CARRY, INC. | ) | |
| And | ) | |
| NAZIR AL-MUJAAHID | ) | |
| | ) | |
|     Plaintiffs | ) | Civil Action File No. |
| | ) | |
| v. | ) | 2:12-cv-352-LA |
| | ) | |
| CITY OF MILWAUKEE, | ) | |
| JOSEPH MENDOLLA, | ) | |
| JOHN CHISHOLM, in his official | ) | |
| Capacity as District Attorney of | ) | |
| Milwaukee County, Wisconsin, | ) | |
| PATTI KLEIN, in her official | ) | |
| Capacity as Clerk of Courts for | ) | |
| The criminal division of the Circuit | ) | |
| Court of Milwaukee County, | ) | |
| Wisconsin, | ) | |
| And | ) | |
| MARK WALTON, | ) | |
|     Defendants | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO FOR A DEFAULT JUDGMENT FOR DEFENDANTS CITY OF MILWAUKEE, JOSEPH MENDOLLA, AND MARK WALTON**

## Introduction

On April 13, 2012, Plaintiffs commenced this action against, *inter alia,* the City of Milwaukee and two Milwaukee police officers, Joseph Mendolla and Mark

1

Walton (collectively, "Milwaukee Defendants").[1] Each of the Milwaukee Defendants was served with a summons and complaint, and none of the Milwaukee Defendants has responded within the time provided by law. Pursuant to Fed.R.Civ.Proc. 55(a), the Clerk entered a default against each of the Milwaukee Defendants on September 17, 2012. Plaintiffs now move for a default judgment against each Milwaukee Defendant.

**Argument and Citations of Authority**

Each Milwaukee Defendant was served by a different process server and on a different date, and affidavits of service have been filed for each. The City of Milwaukee was served on April 20, 2012 by a private process server via service on a city clerk authorized to accept service of process on behalf of the City of Milwaukee. Doc. 12. Mark Walton was served personally by a Milwaukee County Sheriff's deputy on April 30, 2012. Doc. 10. Joseph Mendolla was served personally by a different Milwaukee County Sheriff's deputy on April 27, 2012. Doc. 11.

A party who is not affiliated with the government of the United States has 21 days after service of process by which to respond to the summons. Fed.R.Civ.Proc. 12(a)(1)(A)(i). It is now more than four months since service was

---

[1] This Motion only concerns the default of the Milwaukee Defendants. The remaining Defendants, Pattie Klein and John Chisholm, filed timely answers and are not included in this Motion.

made upon each of the Milwaukee Defendants, and none of them have responded or entered an appearance. In addition to receiving formal service, each Milwaukee Defendant has received multiple constructive notices of the existence of this case. Plaintiffs filed a certificate of interested persons, and served each Milwaukee Defendant by mail with a copy of the same, on April 16, 2012. Doc. 2. Plaintiffs filed a consent to proceed before a magistrate, and served each Milwaukee Defendant by mail with a copy of the same, on April 30, 2012. The Clerk therefore entered a default against each Milwaukee Defendant on September 17, 2012.

Pursuant to Fed.R.Civ.Proc. 55(b)(2), the Court may enter a default judgment against a defendant who fails to respond in a timely manner after service of the summons and complaint. While at one time default judgments were not favored, "[F]ederal courts no longer strongly disfavor default judgments." *Arnold v. Boatmen's National Bank of Belleville,* 89 F.3d 838 (7th Cir. 1996). "[I]n the absence of excusable neglect, we have not hesitated to affirm the entry of default judgments." *Id.* Relief under the "excusable neglect" standard may be granted "only where the actions leading to the default were not willful, careless, or negligent." *Id., citing Johnson v. Gudmundsson,* 35 F.3d 1104, 1117 (7th Cir. 1994).

In the instant case, it is unknown why the Milwaukee Defendants still have not responded nearly five months after being served. The fact that each of three Defendants was served on a different day by a different process server eliminates questions of proper service. One can only conclude that the City Attorney's office has made a conscious decision not to participate in this case. In any event, without a showing of "excusable neglect" that is more than "willful, careless, or negligence," default judgment must be entered against them.

Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true. *U.S. v. DiMucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). In the instant case, the facts pleaded in the Complaint [Doc. 1] show that the Milwaukee Defendants seized Plaintiff Al-Mujahiid's property and have not afforded him a process by which to recover it. The facts further show that the Milwaukee Defendants have a custom, policy, or practice of seizing firearms and not providing a meaningful, inexpensive process for obtaining return of those firearms, even when they are not needed for evidence and even when they are not evidence of a crime or contraband. The facts further show that the Milwaukee Defendants require owners of seized firearms to engage in litigation to recover their seized firearms.

Plaintiffs request a hearing to show the Court further facts to support their request for an injunction and any other relief to which they are entitled.

/s/ John R. Monroe
John R. Monroe
Attorney for Plaintiffs
9640 Coleman Road
Roswell, GA  30075
678 362 7650
John.monroe1@earthlink.net

# **CERTIFICATE OF SERVICE**

I certify that on September 19, 2012, I filed this document with the ECF system, which automatically will serve a copy via email upon:

Christopher J. Blythe
blythecj@doj.state.wi.us

Roy L. Williams
Rwilliams4@milwcnty.com


I further certify that on September 19, 2012, I served a copy of this document via U.S. Mail upon


Joseph Mendolla
c/o Milwaukee Police Department
749 W. State Street
Milwaukee, WI  53233

City of Milwaukee
c/o Ronald D. Leonhardt, City Clerk
200 E. Wells St., Room 205
Milwaukee, WI  53202

Mark Walton
c/o Milwaukee Police Department
749 W. State Street
Milwaukee, WI  53233

               /s/ John R. Monroe
               John R. Monroe