UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN CARRY, INC.
And
NAZIR AL-MUJAAHID

   Plaintiffs,

   v.                         Case No. 12-CV-352

CITY OF MILWAUKEE,
JOSEPH MENDOLLA,
JOHN CHISOLM, in his official
capacity as District Attorney of
Milwaukee County Wisconsin,
PATTI KLEIN, in her official
capacity as Clerk of Courts for the
criminal division of the Circuit
Court of Milwaukee County,
And
MARK WALTON,

   Defendants.

BRIEF IN SUPPORT OF MOTION TO VACATE ENTRY OF
DEFAULT AND MOTION TO DISMISS OF DEFENDANTS CITY OF
MILWAUKEE, JOSEPH MENDOLLA, AND MARK WALTON

I. INTRODUCTION

On April 13, 2012, Plaintiffs filed the above captioned matter. Service of a Summons and Complaint was effected upon Joseph Mendolla on April 27, 2012, upon Mark Walton on April 30, 2012, and purportedly upon the City of Milwaukee on April 20, 2012.

Defendants City of Milwaukee, Officer Mendolla, and Detective Walton did not answer the Complaint. Plaintiffs subsequently requested Entry of Default on September 14, 2012. Default was entered by the clerk of court on September 17, 2012.

Defendants City of Milwaukee, Joseph Mendolla, and Mark Walton now submit their motion, brief, and supporting documentation for vacating the entry of default, and dismissing the action against them, based upon the arguments that follow.

## II. ARGUMENT

### A. Service Upon the City of Milwaukee was Improper

The Proof of Service for the City of Milwaukee submitted by Plaintiffs shows that the process server was Nik Clark. (Am. Return of Service, ECF No. 12 at 4.) Upon information and belief, Mr. Clark is the chairman of Plaintiff Wisconsin Carry, Inc. On Wisconsin Carry Inc.'s website,[1] he is listed as "Chairmain" [sic] (Ex. 1), the Wisconsin Department of Financial Institutions website[2] lists Mr. Clark as the registered agent of Wisconsin Carry, Inc. (Ex. 2), and on the Affidavit of Service itself he is described as "Director," after his printed name appears above the "Printed name and title" line (ECF No. 12 at 4).

The Federal Rules of Civil Procedure permit any person to effect service, provided that the person is at least 18 years of age and *not a party to the action*. Fed. R. Civ. P. 4(c)(2). The Seventh Circuit has noted in a case where service was effected by a beneficiary of a plaintiff fiduciary, that the beneficiary, while not a named party, is the

---

[1] *See* http://www.wisconsincarry.org (last visited October 3, 2012).
[2] *See* http://www.wdfi.org (last visited October 3, 2012).

real party in interest, and that "it would be curious, to say the least, to have service performed by a real party in interest. It would be in the interest of that party to flush the summons and complaint down the toilet, execute an affidavit of service, and move for a default judgment." *Central Laborers' Pension, Welfare & Annuity Funds v. Griffee*, 198 F.3d 642, 644 (7th Cir. 1999).

The *Griffee* court did not ultimately rule on "whether 'party' in Rule 4(c)(2) might include a real party in interest that is not a named party," *id*. at 645, noting that the question was "esoteric," and that it could find no cases on point since "most trustees know better than to use their beneficiaries as their process servers," *id*., since it was able to resolve the case without answering the question. However, the principle of law, colorfully illustrated by the court, was clearly set forth, i.e., persons with an interest in the outcome of the litigation do not meet the spirit of Rule 4(c) (2), or its intent regarding its prohibition of parties acting as their own process server.

To distinguish the point, in *United States v. Gregor*, 1989 U.S. Dist. LEXIS 686, the District Court for Northern District of Illinois ruled that service by an employee of the IRS was proper, stating that the suit "was brought by the United States and not by" the employee, and that "[n]otwithstanding the fact that" service was effected by "an employee of the United States," the employee was "not a party to [the] suit and may therefore properly serve the summons and complaint." United States v. Gregor, 1989 U.S. Dist. LEXIS 686, 1-2 (N.D. Ill. 1989). However, in *Gregor*, the employee's interests were not sufficiently closely tied to those of the named party—the United States—so as to cause the court to have reason to question the employee's veracity were he to swear to

3

have effected service. Clearly, the employee's greatest self interest in that case was to properly effect service so as to continue adequate job performance and preserve his employment.

As the chairman and registered agent of Plaintiff Wisconsin Carry, Inc., Mr. Clark is not a mere employee of the party corporation. Presumably, as chairman, he participated in or authorized the decision to file the present lawsuit in the first place; and, while not a named party, he is a party in interest as he has a direct interest in the lawsuit's outcome as a responsible person in the corporation. Presumably, his personal opinions and interests in relation to the lawsuit are aligned with the mission of the corporation he represents, rendering the corporation's interests and his personal interests one and the same. Thus, Mr. Clark, as a party to the lawsuit, was ineligible to effect service in compliance with Rule 4(c)(2) in this matter, and his "service" of the Summons and Complaint upon the City of Milwaukee was therefore improper.

B.  Improper Service Deprives the Court of Jurisdiction

The Seventh Circuit has held that courts lack jurisdiction over defendants who have been improperly served, and that actual notice does not defeat this rule. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Thus, Plaintiff's argument regarding constructive notice (Pl.'s Mem. of Law, ECF No. 15 at 3) is moot, as the court ruled out jurisdiction even in cases where an improperly served defendant has actual notice of the lawsuit.

The United States District Court for the Eastern District of Wisconsin has previously stated, "jurisdiction over a defendant ordinarily cannot be maintained absent valid

4

service. Thus, a default judgment against a defendant who has not been served is void."

*Select Creations v. Paliafito Am.*, 830 F. Supp. 1223, 1237 (E.D. Wis. 1993).

According the United States District Court for the Southern District of New York:

> A motion under Rule 60(b)(4) "is unique . . . in that relief is not discretionary and a meritorious defense is not necessary as on motions made pursuant to other 60(b) subsections." . . . Such a motion should be granted if a judgment was entered without personal jurisdiction over the movant.

*Orix Fin. Servs. v. Thunder Ridge Energy, Inc.*, 579 F. Supp. 2d 498, 502 (S.D.N.Y. 2008) (citations omitted).

Therefore, if this Court holds that service was improper, the Court must also dismiss the entry of default under Fed. R. Civ. P. 60(b)(4), as it was void when it was entered.

C. Plaintiffs Failed to Serve the City of Milwaukee Within the Time Limit Allotted by Law

Rule 4(m), Time Limit for Service, states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Seventh Circuit has stated that:

> Rule 4(m) generally requires a plaintiff to serve process within 120 days, but a plaintiff may move for additional time to serve the defendant. If the plaintiff shows good cause for his failure to accomplish service within the designated period of time, then the district court must grant an extension. If the plaintiff cannot show good cause, then the decision to grant an extension is left to the discretion of the district court. When a plaintiff fails to serve process within the period of time prescribed by the federal rules,

> Rule 4(m) requires the district court to dismiss the complaint without prejudice.

*United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citations omitted).

Plaintiffs filed the instant case on April 13, 2012. The last day to effect service, i.e., 120 days after that date, was August 10, 2012. If the Court holds that the service of process by Mr. Clark was improper, then the 120-day time limit for service expired long ago. Unless the Court retroactively grants Plaintiffs an extension of the tolled time limit, after Plaintiffs' show good cause, then the Court must dismiss the Complaint without prejudice as to Defendant City of Milwaukee.

D. The Court has Good Cause to Set Aside Entry of Default as to Defendant City of Milwaukee

Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for good cause. The Seventh Circuit Court of Appeals has stated that "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 630 (7th Cir. 2009) (citations omitted). The Seventh Circuit has a well-established policy favoring a decision on the merits over a default judgment. *Id.* at 631 (citations omitted). That court has also indicated that "a default judgment should be used only in extreme situations, or when other less drastic sanctions have proved unavailing." *Sun v. Bd. of Trustees of the Univ. of Illinois*, 473 F.3d 799, 811 (7th Cir. 2007).

The Seventh Circuit has clearly explained Rule 55(c) in relation to defaults:

> Defaults may be set aside for "good cause." Damages disproportionate to the wrong afford good cause for judicial action, even though there is no good excuse for the defendant's inattention to the case. Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect." (Another way to see this is that Rule 55(c) uses the "good cause" standard for relief before judgment has been entered, while referring to the standard under Rule 60(b) for relief after judgment. Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the "good cause" standard in Rule 55(c) must be easier to satisfy.)

*Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007) (citation omitted).

There is good cause for this Court to vacate the entry of default in this case. First, service was improper, and consequently, the Court lacks jurisdiction over the City in this matter. Second, at stake in this case is the authority of the government to hold evidence in pending criminal investigations and prosecutions. The opportunity for the court to consider the substance of that important question, rather than dismiss it without substantive consideration, is good cause to vacate the entry of default.

The City has taken quick action to correct the default—having filed this motion within a reasonably short period of time after it was notified that default was entered. (*See* Ex. 3 (file stamped receipt by city clerk on September 24, 2012).)

Lastly, the City has meritorious defenses:

1. the City is not a proper party, as the Milwaukee County District Attorney's Office placed a hold upon the firearm at issue as evidence in a pending criminal prosecution, and has sole authority to release it;

7

2. the City is not a proper party, as it is not alleged to have committed any unlawful acts, and is not liable under § 1983 under a theory of *respondeat superior*. *Polk County v. Doolson*, 454 U.S. 312, 325 (1981); *Monell v. Department of Social Services*, 436 U.S. 658, 699 n. 58 (1978); *McKinnon v. City of Berwyn*, 750 F.3d 1383, 1390 (7th Cir. 1984);

3. plaintiffs have not sufficiently pled alleged facts to support City liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); and,

4. plaintiff has failed to state a claim upon which relief may be granted.

For the foregoing reasons, the Court should set aside entry of default against the City.

E. The Court has Good Cause to Set Aside Entry of Default as to Joseph Mendolla and Mark Walton

A § 1983 claim must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Plaintiffs' Complaint does not allege that Officer Mendolla or Detective Walton engaged in any conduct that would violate Plaintiffs' constitutional rights. In fact, Plaintiffs' Complaint is completely void of any factual allegations that even suggest that either Officer Mendolla or Detective Walton had any responsibility for any allegedly unlawful act.

The Complaint alleges that they "seize[d] Al-Mujaahid's handgun, magazine, ammunition, and holster." (Compl., ECF No. 1 at 3.) Even if true, that does not rise to a

deprivation of a constitutional right. Furthermore, the affidavits of Officer Mendolla and Detective Walton establish that they did not even do what is alleged.

Once again, looking to the factors set forth in *Cracco v. Vitran Express, Inc.* in relation to Rule 55 (c), this Court has good cause to set aside the entry default based upon the explanations of their failure to answer the Complaint contained in their affidavits, and the effect of a default judgment upon them where there are real questions as to why they were even named as defendants.

They have both have taken quick action to correct the entry, having contacted appropriate persons within the police department after having received a copy of the motion for entry of default judgment.

Finally, they both have meritorious defenses as set forth above, in addition to qualified immunity, and failure of Plaintiffs' to state a claim upon which relief may be granted.

III. CONCLUSION

For the reasons set forth in the preceding arguments, Defendants City of Milwaukee, Joseph Mendolla, and Mark Walton motion the Court to vacate the entry of default against them, and in addition, dismiss this matter against them.

Dated and signed at Milwaukee, Wisconsin 9 day of October, 2012.

    GRANT F. LANGLEY
    City Attorney


    s/ROBIN A PEDERSON
    Assistant City Attorney
    State Bar No. 01045759
    Attorneys for Defendants City of Milwaukee, Joseph Mendolla, and Mark Walton

P.O. ADDRESS:

800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601

1032-2012-1087:185279