UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN CARRY, INC.
and
NAZIR AL-MUJAAHID,

    Plaintiffs,

    v.                     Case No. 12-CV-352

CITY OF MILWAUKEE,
JOSEPH MENDOLLA,
JOHN CHISOLM,
PATTI KLEIN
and
MARK WALTON,

    Defendants.

BRIEF IN SUPPORT OF DEFENDANT CITY OF MILWAUKEE'S MOTION TO
DISMISS THE COMPLAINT SERVED UPON THE CITY ON OCTOBER 10, 2012

I. Introduction

On April 13, 2012, Plaintiffs filed the above captioned matter. Service of a Summons and Complaint was purportedly effected upon the City of Milwaukee (the City) on April 20, 2012. The City did not answer the Complaint. Plaintiffs subsequently requested entry of default on September 14, 2012. Default was entered by the clerk of court on September 17, 2012.

The City submitted a motion, brief, and documentation in support of both, to vacate the entry of default, and dismissing the action against it, on October 9, 2012, based upon the theory that it was not properly served on April 20, 2012. Plaintiffs properly served the City with a Summons and Complaint on October 10, 2012. Plaintiffs filed a responsive memorandum in opposition to

the City's October 9 motions on October 12, 2012, and the City filed its reply on October 29, 2012.

The City now submits this brief in support of its motion to dismiss the Complaint served upon it on October 10, 2012, pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

II. Plaintiffs Failed to Adequately Plead a Claim

   A. Standard of Review

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal of a complaint is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998). When considering a motion to dismiss, a court must take all well-pleaded factual allegations of the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). Nonetheless, the complaint must set forth the operative facts upon which the plaintiff bases his or her claim. *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998); *Brokaw v. Mercer County*, 235 F.3d 1000, 1014 (7th Cir. 2000). In this respect, legal conclusions asserted without factual support or elaboration are not sufficient. A plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985); *see also Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994). Thus, a court is "not obliged to accept as true conclusory statements of law or unsupported conclusions of fact." *Sneed v. Rybicki, supra*, 146 F.3d at 480; *Northern Trust Company v. Peters*, 69 F.3d

123, 129 (7th Cir. 1995). Nor must the court accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), affirmed on other grounds, 460 U.S. 325 (1983).

Regarding the minimum requirements a litigant must meet in a pleading, the United States Supreme Court has stated that "[w]hile a complaint. . . does not need detailed factual allegations,. . . a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citations omitted*). A legally sufficient pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

B. Argument

Plaintiffs' Complaint contains one count, only one paragraph of which applies to the City and reads as follows:

> By maintaining a custom, policy or practice of requiring lawful firearms owners, but not other property owners, to engage in formal litigation to recover their seized property, Defendants have denied Al-Mujaahid and other Wisconsin Carry members of the equal protection of the laws.

Compl., ECF No. 1 ¶ 27.

Plaintiffs appear to attempt to establish a *Monell* theory of liability against the City. The Seventh Circuit has recently held:

> "Municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives" by municipal policymakers. . . . An official policy or custom may be established by means of an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation. . . . The plaintiff must also show a direct causal connection between the policy or practice and his injury, in

3

> other words that the policy or custom was the "'moving force behind the constitutional violation.'"

*Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012).

Plaintiffs state that the City maintains a custom, policy or practice that compels owners of firearms to engage in "formal litigation" to recover their property, as opposed to owners attempting to recover other types of property, thus denying a firearm owner equal protection of the laws. ECF No. 1 ¶ 27. What is this "formal litigation" that Plaintiffs refer to? Is it the procedure under Wis. Stat. § 968.20? That hardly seems plausible, since § 968.20 is a state law that was enacted specifically to provide a mechanism to owners of property to recover their property and it further specifically contemplates court action as part of the process. If Plaintiffs are suggesting that the procedure set forth in § 968.20 is unconstitutional as applied to firearms owners, as opposed to owners of other types of property, it is not clearly pleaded, and in such case, why the City would be a proper party is not explained.

By "formal litigation," does the Plaintiff mean federal lawsuits like the instant case? If yes, how many similar lawsuits been filed in the past? When? What kind of property was involved? Was a *Monell* theory of liability claimed or proven in those cases? The closest Plaintiffs come to alleging any of these facts is by stating that other members of Wisconsin Carry, Inc. have had similar experiences. ECF No. 1 ¶ 24. Who are they? How many times? Perhaps most importantly, what are the experiences that were similar? Surely some further factual allegations are needed.

If the City has in fact made a "made a deliberate choice to follow a course of action . . . among various alternatives," *Rice*, 675 F.3d at 675, thus establishing a custom, policy or practice, it has not been pleaded in any recognizable form by Plaintiffs. Nor have Plaintiffs established a causal connection. Firstly, they cannot do so as a matter of logic because there must

4

be a custom, policy or practice established that the alleged constitutional violation flows from, which as previously argued has not been adequately pleaded, but secondly, there is no equal protection violation that has been adequately pleaded.

If Plaintiffs are to support their equal protection claim, it should be expected that Plaintiffs would contrast themselves as firearms owners with owners of other types of property in a meaningful way, and they should, at a minimum, explain how those other owners recover their property and how it differs from firearms owners.

Plaintiffs have failed to meet the elements of a *Monell* claim as set forth in *Rice*. Their Complaint does not articulate sufficient facts which establish any unlawful custom, policy, practice or procedure of the City, much less one that was causally related to the injury claimed by Plaintiffs. Therefore, Plaintiffs have failed to plead any specific, direct cause of action whatsoever against the City, and thus, respectfully, the City must be dismissed as a defendant.

III. Plaintiffs Failed to Serve the City of Milwaukee within the Time Limit Allotted by Law

    A. Standard of Review

Rule 4(m), Time Limit for Service, states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Seventh Circuit has stated that:

> Rule 4(m) generally requires a plaintiff to serve process within 120 days, but a plaintiff may move for additional time to serve the defendant. If the plaintiff shows good cause for his failure to accomplish service within the designated period of time, then the district court must grant an extension. If the plaintiff cannot show good cause, then the decision to grant an extension is left to the discretion of the district court. When a plaintiff fails to serve process within the

period of time prescribed by the federal rules, Rule 4(m) requires the district court to dismiss the complaint without prejudice.

*United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citations omitted).

    B. Argument

The City has motioned this Court to dismiss the Complaint against it pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiffs filed the instant case on April 13, 2012. The last day to effect service, i.e., 120 days after that date, was August 10, 2012. City was not served with the Summons and Complaint, on this occasion, until October 10, 2012, well beyond the 120-day time limit, and thus is insufficient. Unless the Court retroactively grants Plaintiffs an extension of the tolled time limit, after Plaintiffs' show good cause, then the Court must dismiss the Complaint without prejudice as to Defendant City of Milwaukee.

IV. Conclusion

For the reasons set forth in the foregoing arguments and citations of law, Defendant City of Milwaukee respectfully requests that this Court grant its motion to dismiss Plaintiffs Complaint against it.

Dated and signed at Milwaukee, Wisconsin 31 day of October, 2012.

                              GRANT LANGLEY
                              City Attorney

                              s/ Robin Pederson
                              Assistant City Attorney
                              State Bar No. 01045759
                              Attorneys for Defendants City of Milwaukee,
                              Joseph Mendolla, and Mark Walton
                              Milwaukee City Attorney's Office
                              800 City Hall
                              200 East Wells Street
                              Milwaukee, WI 53202
                              Telephone: (414) 286-2601
                              Fax: (414) 286-8550
                              Email: rpederson@milwaukee.gov