# In the United States District Court
# For the Eastern District of Wisconsin
# Milwaukee Division

| | | |
|---|---|---|
| WISCONSIN CARRY, INC., | ) | |
| KRYSTA SUTTERFIELD, AND | ) | |
| NAZIR AL-MUJAAHID | ) | |
| | ) | |
| Plaintiffs | ) | Civil Action File No. |
| | ) | |
| v. | ) | 2:12-cv-352-LA |
| | ) | |
| CITY OF MILWAUKEE, | ) | |
| JOHN CHISHOLM, in his official | ) | |
| Capacity as District Attorney of | ) | |
| Milwaukee County, Wisconsin, | ) | |
| JOHN BARRETT, in his official | ) | |
| Capacity as Clerk of Courts for | ) | |
| the Circuit Court of Milwaukee | ) | |
| County, Wisconsin, | ) | |
| OFFICER DOE 1 | ) | |
| And | ) | |
| OFFICER DOE 2, | ) | |
| Defendants | ) | |

# Amended Complaint

1. This is a civil rights action under 42 U.S.C. 1983. Plaintiff Sutterfield also brings a state law open records violation claim against Defendant Milwaukee.

## II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §1343.

3. This Court has jurisdiction under the related state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper because Defendants are located in this District and in this Division, and Plaintiffs reside in this District and in this Division.

## III. PARTIES

5. Plaintiff Wisconsin Carry, Inc. is a corporation organized under the laws of the State of Wisconsin whose mission is to foster the rights of its members to keep and bear arms for self defense and other purposes.

6. Plaintiff Al-Mujaahid is a natural person who is a citizen of the United States and a resident of the State of Wisconsin.

7. Al-Mujaahid is a member of Wisconsin Carry, Inc.

8. Plaintiff Krysta Sutterfield is a natural person who is a citizen of the United States and a resident of the State of Wisconsin.

9. Sutterfield is a member of Wisconsin Carry, Inc.

10. Defendant City of Milwaukee is a municipal corporation organized under the laws of the State of Wisconsin.

11. Defendants Officer Doe 1 and Officer Doe 2 (the "Officers") are police officers with the City of Milwaukee Police Department.

12. Defendant Chisholm is the district attorney of Milwaukee County, Wisconsin.

13. Defendant Barrett is the Clerk of Courts for the Circuit Court of Milwaukee County, Wisconsin.

## IV. FACTUAL BACKGROUND

14. On or about January 30, 2012, Al-Mujaahid foiled an attempted armed robbery of an Aldi's supermarket in the City of Milwaukee.

15. He did so by drawing a legally carried handgun and firing at one of the robbers, wounding the robber.

16. During the ensuing police investigation, the Milwaukee police seized Al-Mujaahid's handgun, magazine, ammunition, and holster and placed them in the custody of Defendant City of Milwaukee.

17. On or about February 3, 2012, the Defendant Chisholm praised Al-Mujaahid's actions and announced that Al-Mujaahid will not face charges for his actions.

18. Since the announcement, Al-Mujaahid has repeatedly asked the Milwaukee Police Department and Chisholm to return his property to him.

19. Both the Milwaukee Police Department and Chisholm have the power to return Al-Mujaahid's property to him.

20. Defendants have told Al-Mujaahid that Al-Mujaahid cannot have his property because it is needed as evidence in the trial of the would-be robbers.

21. Chisholm has a contract or other arrangement with the City of Milwaukee to represent the City of Milwaukee in return of property cases involving firearms.

22. Chisholm suggested to Al-Mujaahid that Al-Mujaahid file a petition for return of property pursuant to Wis.Stats. § 968.20.

23. On or about March 27, 2012, Al-Mujaahid filed a petition for return of his property with Defendant Barrett's office.

24. On or about March 27, 2012, Defendant Barrett's employee, Patti Klein, returned Al-Mujaahid's petition with a cover letter indicating that she was not accepting Al-Mujaahid's petition for filing because Al-Mujaahid's property "is part of two ongoing cases…. Our office's procedure is that we can not process your petition until those cases are concluded."

25. Defendant City of Milwaukee and its police department have a custom, policy, or practice of requiring lawful firearms owners, but not other property owners, to use the return of property process under Wis.Stats. § 968.20 to recover their firearms.

26. Defendant City of Milwaukee has a custom, policy, or practice of refusing to return firearms and ammunition to a property owner on the same day, thus requiring a property owner to make two trips to the police department to retrieve his or her property.

27. Defendant Barrett has a custom, policy, or practice of requiring property owners to use a specific form to petition for return of property.

28. Defendant Barrett has a custom, policy, or practice of refusing to provide blank forms upon request either via email, mail, fax, or his office's web site, so that a petitioner must appear in person to obtain a blank form.

29. The combined effects of Barrett's and Milwaukee's customs, policies, or practices is to require a person whose firearm and ammunition have been seized or recovered by the Milwaukee Police Department, regardless of the reason for such seizure, to make a minimum of four trips to downtown Milwaukee on four different business days: 1 trip to obtain a petition form; 1 trip for the return of property hearing; 1 trip to the police to pick up the firearm; and 1 trip to the police to pick up the ammunition.

30. The Milwaukee Police Department seized a firearm and ammunition from the home of Plaintiff Sutterfield on or about March 22, 2011.

31. Sutterfield filed a petition for return of her property, pursuant to Wis.Stats. § 968.20, on or about March 24, 2011.

32. Barrett's office required Sutterfield to appear in person to obtain a blank petition form.

33. Sutterfield had to attend two separate hearings to obtain an order for Milwaukee to return her property to her.

34. On July 22, 2011, Sutterfield obtained an order from the Milwaukee County Circuit Court to return her property to her.

35. Milwaukee required Sutterfield to make two trips to pick up her firearm and ammunition, as described above in this Amendment Complaint.

36. On July 29, 2011, Sutterfield went to the property room of the Milwaukee Police Department to retrieve her property.

37. Officer Doe 1 appeared at the window and handed Sutterfield her handgun.

38. Officer Doe 1 then handed Sutterfield a receipt to sign for the return of the property.

39. The receipt indicated that Sutterfield had received all her property, even though Officer Doe 1 only returned her handgun to her, and not her ammunition.

40. Officer Doe 1 told Sutterfield that Milwaukee police was not to return ammunition and firearms on the same day.

41. Sutterfield called an Officer Perez, whom she understood to be responsible for the property room.

42. While Sutterfield was reading the receipt and calling Officer Perez, Officer Doe 1 suddenly decided that Sutterfield could not have her property until she had signed the receipt.

43. Officer Doe 1 attempted to grab Sutterfield's property through the property room window, but he was unable to do so.

44. Officer Doe 1, who was himself armed with a handgun, then ran out the door into the lobby of the property room.

45. Officer Doe 2 joined Officer Doe 1 in the lobby of the property room.

46. Officer Doe 1 twisted Sutterfield's arm behind her back, pushed her against the wall, and wrestled her handgun from her.

47. Officer Doe 2 pulled Sutterfield away from Officer Doe 1 and held his hand out to her in a "stiff arm" stance so as to prevent her from moving or approaching Officer Doe 1.

48. Officer Perez then answered his phone, and confirmed to Sutterfield that Milwaukee's policy was not to return firearms and ammunition on the same day.

49. Sutterfield has filed an open records request with Milwaukee asking it to provide records indicating who Officers Doe 1 and Doe 2 are, but Milwaukee has indicated it has no such records.

50. On information and belief, Milwaukee possesses records indicating the identities of Officers Doe 1 and Doe 2.

51. Plaintiff Wisconsin Carry, Inc. has other members who have had firearms seized by the Milwaukee Police Department and who have been unable to

recover their firearms even with the return of property process and even though their firearms are not evidence of a crime and have not been used to commit a crime.

52. Plaintiff Wisconsin Carry, Inc. also has other members who have been required to make the minimum four trips described in this Amended Complaint in order to retrieve their property.

## Count 1 – 14th Amendment Violations

53. By refusing to allow Al-Mujahiid to file a petition for return of his property, Barrett has deprived Al-Mujaahid of his property without due process of law.

54. By refusing to make blank return of property petition forms available to would-be petitioners except by personal appearance at the Milwaukee County Courthouse, Barrett has deprived such would-be petitioners of their property without due process of law.

55. By maintaining a custom, policy or practice of requiring lawful firearms owners, but not other property owners, to use the return of property process to recover their seized property, Defendants have denied Sutterfield, Al-Mujaahid and other Wisconsin Carry members of the equal protection of the laws.

56. By requiring the minimum of four trips on four separate business days to downtown Milwaukee in order to retrieve their firearms and ammunition, Defendants have deprived Sutterfield and other WisconsinCarry members of their property without due process of law.

57. By twisting Sutterfield's arm behind her back, pushing her against a wall, and restraining her, and taking her handgun away from her, Officers Doe 1 and Doe 2 used excessive force on Sutterfield, illegally detained her, and deprived her of her property without due process of law.

58. By refusing to return Al-Mujaahid's handgun to him, Defendants have infringed on Al-Mujaahid's right to keep and bear arms and to keep a functioning handgun in the home in case of confrontation.

## Count 2 – Violation of Wisconsin Open Records Law

59. By denying that it has any records indicating the identities of Officer Doe 1 and Officer Doe 2, Milwaukee has violated the Wisconsin open records law.

## Prayer for Relief

Plaintiff demands the following relief:

60. A preliminary and permanent injunction requiring the City of Milwaukee to return Al-Mujaahid's property, or in the alternative, to provide Al-Mujaahid with due process, including but not limited to an opportunity to challenge any claims that Al-Mujaahid's property is needed as evidence.

61. A declaration that Defendants' custom, policy, or practice of requiring firearms owners to use the return of property process in every case in order to recover their seized property, is unlawful.

62. A declaration that Defendants' custom, policy, or practice of requiring a minimum of four trips to downtown Milwaukee on four different business days in order to retrieve their property is unlawful.

63. Damages against Officer Doe 1 and Officer Doe 2 to Sutterfield for their excessive use of force and illegal detention of her.

64. Damages of $100 against Milwaukee in favor of Sutterfield for violating the Wisconsin open records law.

65. Reasonable costs and attorney's fees.

66. A jury to try this case.

67. Any other relief the Court deems proper.

                                        /s/ John R. Monroe
John R. Monroe
Attorney for Plaintiffs
9640 Coleman Road
Roswell, GA  30075
678 362 7650
John.monroe1@earthlink.net

## **CERTIFICATE OF SERVICE**

      I certify that on November 27, 2012, I served a copy of the foregoing via the ECF system upon:


Robin Pederson
rpederson@milwaukee.gov

Roy Williams
Rwilliams4@milwcnty.com

Christopher Blythe
blythecj@doj.state.wi.us

                                    /s/ John R. Monroe
                                John R. Monroe