UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WISCONSIN CARRY, INC.,
KRYSTA SUTTERFIELD,
and,
NAZIR AL-MUJAAHID

    Plaintiffs,

  v.              Case No. 12C0352

CITY OF MILWAUKEE,
JOHN CHISOLM,
JOHN BARRETT,
OFFICER DOE 1,
and,
OFFICER DOE 2,

    Defendants.

---

### DEFENDANT CITY OF MILWAUKEE'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

---

NOW COMES Defendant City of Milwaukee, by its attorneys, Grant F. Langley, City Attorney, by Robin A. Pederson, Assistant City Attorney, and as for its Answer to plaintiff's Complaint, admit, deny, allege and state to the court as follows:

  1.  Answering ¶ 1, Defendant City of Milwaukee asserts that the averments call for legal conclusions, to which the answering defendant need not respond further.

  2.  Answering ¶ 2, Defendant City of Milwaukee asserts that the averments call for legal conclusions, to which the answering defendant need not respond further.

  3.  Answering ¶ 3, Defendant City of Milwaukee asserts that the averments call for legal conclusions, to which the answering defendant need not respond further.

4. Answering ¶ 4, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, with respect to determining proper venue, and therefore denies same.

5. Answering ¶ 5, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

6. Answering ¶ 6, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

7. Answering ¶ 7, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

8. Answering ¶ 8, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

9. Answering ¶ 9, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

10. Answering ¶ 10, admit.

11. Answering ¶ 11, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

12. Answering ¶ 12, admit.

13. Answering ¶ 13, admit.

14. Answering ¶ 14, admit upon information and belief.

15. Answering ¶ 15, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same; assert that the remaining averments call for legal conclusions, to which the answering defendant need not respond further.

16. Answering ¶ 16, admit.

17. Answering ¶ 17, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

18. Answering ¶ 18, Defendant City of Milwaukee denies that Mr. Al-Mujaahid has repeatedly asked the Milwaukee Police Department for the return of the firearm; aver that Mr. Al-Mujaahid contacted the Milwaukee Police Department on two occasions regarding the firearm in question, on February 17, 2012, to request return of the firearm, and on March 26, 2012, where Mr. Al-Mujaahid requested the firearm's evidence inventory number, which was provided to him; and, assert that further allegations relate to Defendant John Chisolm, to which Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein.

19. Answering ¶ 19, this allegation is vague and ambiguous; Defendant City of Milwaukee denies that it has unilateral authority to return Mr. Al-Mujaahid's property, and asserts that to the extent that any averments remain, they call for legal conclusions, to which the answering defendant need not respond further.

20. Answering ¶ 20, deny; aver that Police Officer Michael Perez informed Mr. Al-Mujaahid on February 17, 2012, that his property had been seized as evidence pursuant to an ongoing criminal investigation, and that the property control division could not release the property based upon his request at that time.

21. Answering ¶ 21, deny that there is a contract; admit that the Milwaukee County District Attorney's Office represents the City of Milwaukee in Wis. Stat. 968.20 hearings involving firearms.

22. Answering ¶ 22, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

23. Answering ¶ 23, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

24. Answering ¶ 24, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

25. Answering ¶ 25, Defendant City of Milwaukee denies that it has a custom, policy, practice, or otherwise, that requires lawful firearm owners, but not other property owners, to use the process under Wis. Stat. § 968.20 to recover their property.

26. Answering ¶ 26, deny; aver that property owners are required to pick up firearms and ammunition on separate days due to safety considerations; Defendant City of Milwaukee asserts that the existence of a custom, policy or practice is a mixed question of law and fact, and that it lacks information and knowledge necessary to form a belief as to the truth or falsity of the

existence of such a policy, custom or practice, and therefore denies same, and that the allegation otherwise calls for legal conclusions, to which the answering defendant need not respond further.

27. Answering ¶ 27, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

28. Answering ¶ 28, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

29. Answering ¶ 29, Defendant City of Milwaukee admits that property owners are required to pick up firearms and ammunition on separate dates; and, lacks information and knowledge necessary to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore denies same.

30. Answering ¶ 30, admit upon information and belief.

31. Answering ¶ 31, admit upon information and belief.

32. Answering ¶ 32, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

33. Answering ¶ 33, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

34. Answering ¶ 34, admit upon information and belief.

35. Answering ¶ 35, admit that Ms. Sutterfield was required to pick up her firearm and ammunition from the Milwaukee Police Department on two separate dates.

5

36. Answering ¶ 36, admit.

37. Answering ¶ 37, deny; aver that Milwaukee Police Officer David Ziebell placed a case with a firearm and magazine on the counter between Ms. Sutterfield and himself while he proceeded to arrange the paperwork necessary to return the property.

38. Answering ¶ 38, deny; aver that Officer Ziebell requested Ms. Sutterfield's signature on a release form for the return of two items, a firearm and magazine.

39. Answering ¶ 39, deny; aver that the release form only listed two items to be returned, a firearm and magazine, and excluded two other items, both of which were ammunition.

40. Answering ¶ 40, deny; aver that Officer Ziebell informed Ms. Sutterfield that she would have to pick up the two ammunition items on another day.

41. Answering ¶ 41, admit upon information and belief that Ms. Sutterfield called Officer Perez; deny that Officer Perez is "responsible for the property room," additionally, the allegation is vague.

42. Answering ¶ 42 deny; aver that Ms. Sutterfield took the case containing the firearm and magazine from the counter without having previously signing the release form and without authorization from Officer Ziebell to do so, at which time she proceeded to step back away from the counter with the case and produce a cell phone, and state that she was calling Officer Perez.

43. Answering ¶ 43, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

44. Answering ¶ 44, deny; aver that Officer Ziebell proceeded into the lobby area, and that Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegation that the officer was armed.

45. Answering ¶ 45, deny; aver that retired Officer Alan Seer, employed in a civilian capacity, responded to the lobby to assist Officer Ziebell.

46. Answering ¶ 46, deny; aver that Officer Ziebell made repeated requests of Ms. Sutterfield to return the case containing the firearm and magazine, which she did not comply with and continued to back away from the officer, at which time Officer Ziebell used the minimum amount of force he believed necessary to gain control of the situation, which included placing his hand on her arm, directing her back to a wall in order to control her movements, and then securing the case.

47. Answering ¶ 47, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

48. Answering ¶ 48, deny; aver that Officer Perez informed Ms. Sutterfield that she would have to pick up her ammunition on another day.

49. Answering ¶ 49, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

50. Answering ¶ 5, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

7

51. Answering ¶ 51, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

52. Answering ¶ 52, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same.

53. Answering ¶ 53, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same; and, asserts that any remaining averments call for legal conclusions, to which the answering defendant need not respond further.

54. Answering ¶ 54, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same; and, asserts that any remaining averments call for legal conclusions, to which the answering defendant need not respond further.

55. Answering ¶ 55, Defendant City of Milwaukee denies that it maintains a custom, policy or practice that requires lawful firearm owners, but not other property owners, to use Wis. Stat. § 968.20 to recover their property; and, asserts that any remaining averments call for legal conclusions, to which the answering defendant need not respond further.

56. Answering ¶ 56, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same; and, asserts that any remaining averments call for legal conclusions, to which the answering defendant need not respond further.

57. Answering ¶ 57, Defendant City of Milwaukee denies excessive force was used against Ms. Sutterfield; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations contained therein, and therefore denies same; and, asserts that any remaining averments call for legal conclusions, to which the answering defendant need not respond further.

58. Answering ¶ 58, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same; and, asserts that any remaining averments call for legal conclusions, to which the answering defendant need not respond further.

59. Answering ¶ 59, Defendant City of Milwaukee lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same; and, asserts that any remaining averments call for legal conclusions, to which the answering defendant need not respond further.

60. Answering ¶ 60, Defendant City of Milwaukee denies that Plaintiffs are entitled to the relief requested.

61. Answering ¶ 61, Defendant City of Milwaukee denies that Plaintiffs are entitled to the relief requested.

62. Answering ¶ 62, Defendant City of Milwaukee denies that Plaintiffs are entitled to the relief requested.

63. Answering ¶ 63, Defendant City of Milwaukee denies that Plaintiffs are entitled to the relief requested.

64. Answering ¶ 64, Defendant City of Milwaukee denies that Plaintiffs are entitled to the relief requested.

65. Answering ¶ 65, Defendant City of Milwaukee denies that Plaintiffs are entitled to the relief requested.

66. Answering ¶ 66, Defendant City of Milwaukee takes no position on whether Plaintiffs are entitled to the relief requested.

67. Answering ¶ 67, Defendant City of Milwaukee denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

AS AND FOR AFFIRMATIVE DEFENSES, Defendant City of Milwaukee alleges and states to the Court as follows:

1. upon information and belief, the plaintiff's complaint fails to state a claim upon which relief can be granted;

2. any individual named employee defendants of the City of Milwaukee are entitled to qualified immunity, and are therefore immune from liability to the plaintiff;

3. the actions of any City of Milwaukee employees or agents were discretionary or quasi-judicial or quasi-legislative in nature, and are therefore immune from liability from state-law claims, pursuant to Wis. Stat. § 893.80;

4. the amount of liability of the City of Milwaukee, if any, regarding state-law claims is limited pursuant Wis. Stat. § 893.80;

5. the plaintiff failed to file the appropriate notice/claim document(s), and consistent with Wis. Stat. § 893.80, any state-law claims are therefore barred;

6. any remedy to a public records violation exist exclusively in state law, and are not recoverable in this action;

7. there is an improper joinder of parties; and

8. Wisconsin Carry, Inc. lacks standing as a party.

WHEREFORE, defendant City of Milwaukee demands judgment as follows:

1. dismissing the complaint of the plaintiff on its merits, together with costs and disbursements; and

2. for such other and further relief as the court may deem just and equitable.

## JURY DEMAND

Defendant City of Milwaukee demands a jury of twelve of all issues so triable.

Dated and signed at Milwaukee, Wisconsin 13 day of December, 2012.

        GRANT F. LANGLEY
        City Attorney

        s/ Robin Pederson
        ROBIN A. PEDERSON
        Assistant City Attorney
        State Bar No. 01045759
        Attorneys for Defendant City of Milwaukee
        Milwaukee City Attorney's Office
        800 City Hall
        200 East Wells Street
        Milwaukee, WI 53202
        Telephone: (414) 286-2601
        Fax: (414) 286-8550
        Email: rpederson@milwaukee.gov
        (414) 286-2601

1032-2012-1087:187346