**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
_____

**WISCONSIN CARRY, INC.,**
**KRYSTA SUTTERFIELD, and**
**NAZIR AL-MUJAAHID,**

        **Plaintiffs,**

**v.**                                     **Case No. 12-CV-352**

**CITY OF MILWAUKEE,**
**JOHN CHISHOLM, in his official capacity**
**as District Attorney of Milwaukee**
**County, Wisconsin, DAVID ZIEBELL,**
**and ALAN SEER,**

        **Defendants.**
_____

## DECISION AND ORDER

Plaintiffs, gun enthusiasts, bring this § 1983 action alleging that several City of Milwaukee policies regarding the return of guns seized as evidence are unconstitutional. Plaintiff Sutterfield also brings an excessive force claim against two officers with whom she had a dispute while retrieving her gun from the police property room and a supplemental state law open records claim.  Defendants now move for summary judgment.

The first event giving rise to this case involved Sutterfield.   In March 2011, Milwaukee police officers seized a gun, a magazine and ammunition from her home. Subsequently, pursuant to Wis. Stat. § 968.20, Sutterfield successfully petitioned the circuit court for the return of her property.  When she went to the police property room to retrieve it, defendant Ziebell brought Sutterfield her gun and magazine but not her ammunition and

1

asked her to sign a receipt. He explained that the City had a policy of not returning guns and ammunition on the same day. Sutterfield expressed disagreement with the policy, declined to sign the receipt and called officer Michael Perez, administrator of the City's "gun desk." At that point, Sutterfield and the officers had a brief confrontation which I will discuss in more detail later in this opinion.

The second relevant event involved plaintiff Al-Mujaahid. In January 2012, Al-Mujaahid shot a man who was committing a robbery. During their investigation, Milwaukee police seized his gun, magazine, ammunition and holster. The police declined to return his property while the case against the robbers was pending because of the possibility that it would be needed as evidence. Al-Mujaahid petitioned the circuit court for the return of his property, and District Attorney Chisholm opposed such return until the case against the perpetrators was completed. Soon after, however, the robbery defendants pleaded guilty, the court granted Al-Mujaahid's petition and the police returned his property.

All three plaintiffs claim that the City treats gun owners differently than other property owners by requiring them to use the statutory return of property process, and they seek a declaration that such policy constitutes an equal protection violation. They also claim that the City's policy of not returning guns and ammunition on the same day violates due process and seek a declaration to that effect. I address first a jurisdictional issue, whether plaintiffs have standing to challenge the above-described City policies. Federal courts are courts of limited jurisdiction and can only hear "cases" and "controversies" as authorized by Article III of the Constitution. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). To have standing, a plaintiff must allege (1) a "personal injury" or injury in fact, (2) that the injury is "fairly traceable to the defendant's allegedly unlawful conduct," and (3) that it is "likely to be

redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). An injury in fact is one "that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

I cannot "infer [standing] argumentatively from averments in the pleadings." *Grace v. Am. Cent. Ins. Co.*, 109 U.S. 278, 284 (1883). Rather, I must find standing from facts that "affirmatively appear in the record." *Mansfield C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). The proponent of jurisdiction must "'set forth' by affidavit or other evidence 'specific facts'" supporting standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting Fed. R. Civ. P. 56(e)). Additionally, "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc.*, 528 U.S. at 85.

While traditional claims seeking monetary damages almost always meet the definition of an injury in fact, *see Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 619 (Scalia, J., concurring) (describing a "wallet injury" as "the type of concrete and particularized injury one would expect"), the analysis for claims seeking prospective relief can be trickier. When deciding whether a plaintiff's injury is sufficiently concrete, particularized, and imminent, I keep in mind that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding [prospective] relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). In other words, standing to seek prospective relief "depend[s] on whether [the plaintiff is] likely to suffer future injury from the" allegedly unlawful conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). The threshold for showing likelihood

of future injury is relatively high; the plaintiff must show a "real or immediate threat" that he or she "will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *Id.* at 111 (quoting *O'Shea*, 414 U.S. at 502).

Plaintiffs Sutterfield and Al-Mujaahid ask me to declare that the City's policies are unlawful, but neither is currently affected by such policies because the City has returned their guns.[1] Thus, neither is presently suffering a sufficient injury to provide standing. While Sutterfield and Al-Mujaahid may have been injured in the past, they fail to show "any continuing, present adverse affects." *O'Shea*, 414 U.S. at 495–96. Nor do they show that they are likely to be subject to the City's policies in the future. *See Lyons*, 461 U.S. at 111 ("[A] federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional."). Sutterfield and Al-Mujaahid are no longer being harmed by the City's allegedly unlawful policies, and prospective relief cannot redress any past harm they may have suffered.

Unlike Sutterfield, Al-Mujaahid may have been suffering from a concrete injury when he brought suit—because his gun had not yet been returned—but an "actual controversy" must exist "at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks and citation omitted). "[M]ootness [is] the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (internal quotation

---

[1] The City returned Sutterfield's gun prior to the filing of this case and Al-Mujaahid's soon after. Al-Mujaahid originally asserted a claim seeking the return of his gun but agrees that that claim is now moot.

marks and citation omitted). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Because the City has returned his gun, Al-Mujaahid is no longer suffering a cognizable injury. Any prospective relief I could order regarding Milwaukee's policies would no longer affect him.

Plaintiffs argue that an exception to the mootness doctrine—capable of repetition, yet evading review—applies here. To come within the exception plaintiffs must show that: "'(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that *the same complaining party* would be subjected to the same action again.'" *Honig v. Doe*, 484 U.S. 305, 333 (1988) (emphasis added) (quoting *Murphy v. Hunt*, 455 U.S.478, 482 (1982)); *see also Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). Sutterfield and Al-Mujaahid fail to allege or present any evidence that they are likely to be subjected to the City's policies regarding the return of guns again. Thus, they do not establish "a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." *Murphy*, 455 U.S. at 482 (citations omitted). Therefore the capable of repetition, yet evading review exception to the mootness doctrine does not apply.

Plaintiff Wisconsin Carry, Inc., is an organization of gun owners. As an organization, it has standing if it can demonstrate an injury to itself or its members. If it alleges an injury to itself as an organization, I apply the same standing analysis as I do to individual plaintiffs. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982). *Id.* at 378. Alternatively, an organization can bring claims on behalf of its members if: "(a) its members would

otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).

Wisconsin Carry alleges no direct injury to itself as an organization. It claims that it satisfies the standing requirement because its members Sutterfield and Al-Mujaahid have standing. As discussed, however, neither Sutterfield nor Al-Mujaahid has standing, and, therefore, Wisconsin Carry doesn't either. Wisconsin Carry also alleges in its second amended complaint that it "has other members who *have had* firearms seized by the Milwaukee Police Department" who have been required to use the statutory return of property process and that it "has other members who *have been* required" to pick up their firearms and ammunition on separate days. (emphasis added.) These allegations, however, also do not support standing. The fact that Wisconsin Carry has members who "have had" guns seized and "have been" subjected to the policies complained of does not establish that Wisconsin Carry has members who are likely to suffer *future* harm. The allegations contain no facts indicating a likelihood of future harm to any member.

Thus, no plaintiff has standing to challenge Milwaukee's policies regarding the return of seized weapons.[2]

I turn next to Summerfield's excessive force claim against Ziebell and Seer. I may grant defendants' summary judgment motion only if there is no genuine dispute as to any

---

[2] In its most recent submission, the City indicates that it has abandoned its policy of returning guns and ammunition on different days. Plaintiffs object to the introduction of this new information and request to reopen discovery. Because I reach my decision on standing independent of this information, I need not address plaintiffs' request.

material fact and defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). I take the evidence in the light most favorable to plaintiff and may grant the motion only if no reasonable juror could find for plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

An excessive force claim is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). "This standard requires that a fact finder analyze whether the officer's actions are objectively reasonable in light of the facts and under the circumstances confronting the officer at the time of the incident" without the benefit of hindsight. *Common v. City of Chicago*, 661 F.3d 940, 943 (7th Cir. 2011). In determining whether an officer's actions are reasonable, I balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake" and pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (internal quotations and citations omitted). I keep in mind that police must make split-second decisions in tense, uncertain situations. *Id.* at 396–97.

In the present case, Sutterfield claims that Ziebell and Seer used excessive force during a confrontation that occurred on July 29, 2011, in the police property room. Defendants dispute that they used excessive force, arguing that only incidental physical contact occurred and that they acted reasonably. According to Sutterfield, Ziebell refused to return her ammunition with her gun, and she wanted to call officer Perez to confirm that this was City policy before signing a receipt. She states that when she refused to return the

gun to Ziebell, he and Seer entered the waiting room and confronted her, that Ziebell grabbed her wrist, twisted her arm behind her back, and eventually shoved her into a wall. She claims that Ziebell used a crushing grip in order to get her to release her property and that Seer used his body to block her movements and prevent her escape. She testified that the confrontation agitated her because Ziebell wore a gun and Seer is much larger than she is. Defendants dispute Sutterfield's version of the facts, arguing that as Ziebell attempted to take the gun from Sutterfield, Sutterfield turned away from him and placed her arm and the gun behind her. They argue that they acted reasonably, pointing to Sutterfield's behavior prior to the incident; that she wore a holster, was argumentative, became agitated, refused to sign the property receipt, said that she had ammunition and took the gun off the counter. In response to defendants claim that they acted because of safety concerns based on Sutterfield's behavior, Sutterfield argues that this justification is undermined by Ziebell's having returned her gun after she signed the property receipt.

While it is true that "[n]ot every push or shove . . . violates the Fourth Amendment." *Graham*, 490 U.S. at 397 (internal quotation and citation omitted), it is also clear that an officer cannot use physical force against an individual who is not making threats and who is not suspected of illegal activity. *See Morfin v. City of East Chicago*, 349 F.3d 989, 1005 (7th Cir. 2003) (finding that a reasonable jury could conclude that officers violated 4th Amendment when they "grabbed [individual], twisted his arm, shoved him toward the wall and took him to the floor" when the individual "did not pose a threat to the officers"); *Payne v. Pauley*, 337 F.3d 767, 779 (7th Cir. 2003) (finding that an officer's force against a woman when he "forc[ed] her arms behind her back, twisting her arms" was objectively unreasonable because woman was not threatening harm, resisting or evading arrest, or

attempting to flee)*; see also Clash v. Beatty*, 77 F.3d 1045, 1048 (7th Cir. 1996) ("It is clear . . . that police officers do not have the right to shove, push, or otherwise assault innocent citizens without any provocation whatsoever."). Sutterfield states that she did not verbally or physically threaten the officers, did not attempt to leave the property room, and was not suspected of illegal activity. Taking her statements as true, as I must, I conclude that a reasonable fact finder could find that defendants used excessive force.

Defendants argue that the surveillance video of the incident conclusively indicates that they acted reasonably. I disagree. While the video does confirm a time line of events, it does not settle key factual disputes, especially since the video has no audio.

Ziebell and Seer also argue that they are entitled to qualified immunity. The doctrine of qualified immunity shields government officials from liability for civil damages under § 1983 "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982). In order to determine whether defendants are entitled to qualified immunity, I ask "(1) whether the facts alleged, taken in the light most favorable to the plaintiff, amount to a constitutional violation; and (2) whether the constitutional right at issue was clearly established at the time of the alleged violation." *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012). I have already answered the first question, thus I turn to the clearly established prong.

In order for a right to be clearly established, I do not need to find that "the very action in question has previously been held unlawful," only that the unlawfulness of it was apparent "in the light of pre-existing law." *Anderson v. Creighton*, 483 U.S. 635, 639–40 (1987). A case exactly on point is not required, but "[t]he contours of the right must be

sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640. The Seventh Circuit case law cited above makes clear that using physical force against an individual who has made no verbal or physical threat in order to seize property that is lawfully in the individual's possession is a constitutional violation. *See Morfin*, 349 F.3d at 1005; *Payne*, 337 F.3d at 779; *Clash*, 77 F.3d at 1048. Thus, the constitutional right that Sutterfield alleges was violated was clearly established and defendants are not entitled to qualified immunity.

Finally, Sutterfield claims the City violated the Wisconsin Open Records Law, and she seeks $100 in damages. Wisconsin's open records law states that "[e]xcept as otherwise provided by law, any requester has a right to inspect any record." Wis Stat. § 19.35(1)(a). However, the statutes also specify that the exclusive remedial procedure for violations is an action for mandamus. § 19.37(1). A plaintiff may recover damages but only "if the requester prevails . . . in any action [for mandamus] under sub. (1)." § 19.37(2). The statute does not authorize a claim for damages on its own. *See Capital Times Co. v. Doyle*, 2011 WI App 137 ¶ 6, 337 Wis. 2d 544, 807 N.W.2d 666. Sutterfield seeks damages without a mandamus action. Thus, her claim is not authorized by the statute must be dismissed.

**THEREFORE, IT IS ORDERED THAT** defendants' motions for summary judgment (ECF Nos. 53, 58) are **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** as to all plaintiffs' claims for declaratory relief against all defendants.

The motion is **GRANTED** as to plaintiff Al-Mujaahid's claim for injunctive relief.

The motion is **GRANTED** as to plaintiff Sutterfield's state open records claim.

The motion is **DENIED** as to plaintiff Sutterfield's excessive force claim.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2014.

s/ Lynn  Adelman
Lynn Adelman
District Judge